Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001699
12-SEP-2014
12:05 PM

NO. CAAP-13-0001699 AND CAAP-13-0006233

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LORNA SOUZA, TRUSTEE OF THE IRENE K. TAKAHAMA TRUST DATED
NOVEMBER 19, 1992, AS AMENDED, AND THE LAWRENCE I. TAKAHAMA
TRUST DATED NOVEMBER 19, 1992, Plaintiff-Appellee,
v.
ELIZABETH FISHER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC12-1-000925)


ORDER GRANTING IN PART AND DENYING IN PART THE
AUGUST 19, 2014 MOTION TO DISMISS APPEAL, DISMISSING THE
PORTION OF THIS CONSOLIDATED APPEAL IN APPELLATE COURT CASE
NO. CAAP-13-0001699 THAT WAS ORIGINALLY APPELLATE COURT
CASE NO. CAAP-13-0006233 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) the August 19, 2014 motion by
Plaintiff-Appellee Lorna Souza, Trustee of the Irene K. Takahama
Trust Dated November 19, 1992, as Amended, and the Lawrence I.
Takahama Trust Dated November 19, 1992 (Appellee Souza), to
dismiss the appeal, (2) the August 26, 2014 memorandum by
Defendant-Appellant Elizabeth Fisher (Appellant Fisher) in
opposition to Appellee Souza's August 19, 2014 motion to dismiss
the appeal, and (3) the record, it appears that we have appellate
jurisdiction over Appellant Fisher's appeal from the Honorable
Paul B.K. Wong's May 30, 2013 judgment for possession in
appellate court case no. CAAP-13-0001699, but we lack appellate
jurisdiction over Appellant Fisher's appeal from the Honorable
Paul B.K. Wong's December 9, 2013 "Order Re: Judgment on Damages"
(hereinafter the December 9, 2013 order) that Appellant Fisher
originally asserted in appellate court case no. CAAP-13-0006233.
Because this court ordered the consolidation of appellate court

case nos. CAAP-13-0001699 and CAAP-13-0006233 under appellate court case no. CAAP-13-0001699, we dismiss only that limited portion of this consolidated appeal in appellate court case no. CAAP-13-0001699 that was originally appellate court case no. CAAP-13-0006233.

Appellant Fisher is appealing from the district court's May 30, 2013 judgment for possession and December 9, 2013 order pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). However, in this district court case involving multiple claims, the combination of the May 30, 2013 judgment for possession and December 9, 2013 order does not fully decide all of the rights and liabilities of all the parties and leave nothing further to be adjudicated, because these two documents do not adjudicate Count 2 and Count 3 of Appellant Fisher's amended counterclaim, which remain unresolved and still pending before the district court.

Nevertheless, the May 30, 2013 judgment for possession is an independently appealable judgment under the Forgay doctrine (Forgay v. Conrad, 47 U.S. 201 (1848)), which "allows an

appellant to immediately appeal in a judgment for execution upon property, even if all claims of the parties have not been finally resolved." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.2d 397, 401 (2005) (citation and internal quotation marks omitted); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995); Lambert v. Teisina, 131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014). Therefore, pursuant to HRS § 641-1(a) and the Forgay doctrine, we have appellate jurisdiction over Appellant Fisher's appeal from the May 30, 2013 judgment for possession in appellate court case no. CAAP-13-0001699.

In contrast, the December 9, 2013 order does not qualify for appealability under the Forgay doctrine. The December 9, 2013 order resolves some, but not all, of the remaining claims in Appellee Souza's complaint and Appellant Fisher's amended counterclaim. As a non-final order, the December 9, 2013 order will be eligible for appellate review only by way of a timely appeal from the future final judgment or final order that adjudicates all remaining claims in this case, including the claims raised in Count 2 and Count 3 of Appellant Fisher's amended counterclaim. Under analogous circumstances where the separate judgment rule did not apply, the supreme court explained that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). In the instant case, the district court has not yet entered a series of orders that collectively resolves the entire controversy. Therefore, the December 9, 2013 order is not an appealable final order under HRS § 641-1(a) and the holding in Casumpang v. ILWU, Local 142.

Although the district court's August 8, 2013 minutes indicate that the district court intends to dismiss Count 2 and Count 3 of Appellant Fisher's July 8, 2013 amended counterclaim, the district court's minutes do not constitute a district court

order. <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998). In addition, a district court's "oral decision is not an appealable order." <u>KNG Corp. v. Kim</u>, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). The district court's August 8, 2013 minutes did not effectively adjudicate Count 2 and Count 3 of Appellant Fisher's amended counterclaim. Therefore, in the consolidated appeal of appellate court case no. CAAP-13-0001699, we lack appellate jurisdiction over the limited portion of Appellant Fisher's appeal from the non-final December 9, 2013 order that was originally appellate court case no. CAAP-13-0006233. Accordingly,

IT IS HEREBY ORDERED that Appellee Souza's August 19, 2014 motion to dismiss the appeal is granted in part and denied in part as follows:

(1) Pursuant to HRS § 641-1(a) and the <u>Forgay</u> doctrine, we have appellate jurisdiction over Appellant Fisher's appeal from the May 30, 2013 judgment for possession in appellate court case no. CAAP-13-0001699.

(2) Appellant Fisher's appeal from the December 9, 2013 order in the limited portion of the consolidated appeal in appellate court case no. CAAP-13-0001699 that was originally appellate court case no. CAAP-13-0006233 is dismissed for lack of appellate jurisdiction.

(3) The parties shall proceed with their respective briefing for Appellant Fisher's appeal from the May 30, 2013 judgment for possession in appellate court case no. CAAP-13-0001699 in accordance with HRAP Rule 28 and all prior orders of this court in appellate court case no. CAAP-13-0001699.

DATED: Honolulu, Hawai'i, September 12, 2014.

Chief Judge

Associate Judge

Associate Judge

4